UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERRELLE TULLIS,

      Petitioner,

v.                                              Case No. 6:15-cv-443-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).   Respondents filed a Response to the Petition.   (Doc. 10).   Petitioner filed a Reply to the Response to the Petition.   (Doc. 12).

Petitioner asserts six grounds for relief.   For the following reasons, the petition is denied.

## I.    PROCEDURAL HISTORY

Petitioner was charged by information in case 48-2008-cf-15374-O in the Ninth Judicial Circuit in and for Orange County, Florida with possession of a firearm by a convicted felon (Count One), aggravated fleeing or attempting to elude a law enforcement officer causing injury or damage (Count Two), aggravated battery of a law enforcement officer with a deadly weapon (Count Three), and resisting an officer without violence (Count Four).   (Doc. 11-1 at 20).   A jury found Petitioner guilty of Counts One,

Two, and Four and acquitted Petitioner of Count Three.[1]    (Doc. 11-1 at 38-41; Doc. 11-2 at 198-99, 226).    The trial court sentenced Petitioner to concurrent ten-year terms of imprisonment for Counts One and Two and to time served for Count Four.    (Doc. 11-2 at 234-36).    Petitioner received a belated appeal, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*.    (Doc. 11-1 at 97; Doc. 11-3 at 15).

Petitioner filed a motion and amended motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.    (Doc. 11-3 at 27-35, 45-48). The state court denied the motions.    (Doc. 11-4 at 2-9).    Petitioner appealed, and the Fifth DCA dismissed the appeal.[2]    (Doc. 11-4 at 66, 86, 88).

## II.    FACTS ADDUCED AT TRIAL

Officer Carey was directed to serve an arrest warrant on Petitioner, who was at a Taco Bell in Orlando.    (Doc. 11-2 at 56).    Officer Carey was advised that Petitioner was alone and in a dark gray Chevy Malibu.    (*Id*. at 57-58).    Officer Carey attempted to stop a vehicle matching the description he was provided in the Taco Bell parking lot as the vehicle was about to exit the parking lot onto Kirkman Road.    (*Id*. at 58).    Officer Carey activated his emergency lights and siren and stopped his police vehicle approximately

---

[1] Count One was tried after Counts Two through Four.    As a result, for trial purposes, Counts Two through Four were enumerated on the verdict form as Counts One, Two, and Three.    (Doc. 11-1 at 38-41).    The Judgment, however, reflects the verdict issued on the counts as charged and enumerated in the Information.    (Doc. 11-1 at 69).

[2] Petitioner filed additional post-conviction motions in the state court.    However, the Court will not detail those motions in the Procedural History because they are not pertinent to the disposition of the petition.

ten feet from Petitioner's stopped vehicle.   (*Id*. at 58-61).   Petitioner accelerated his vehicle and struck the front of Officer Carey's vehicle with the driver's side of his vehicle. (*Id*. at 60-64, 71-72).   The vehicle Petitioner was driving did not belong to him.   (*Id*. at 118).

After hitting Officer Carey's police car, Petitioner sped away on Kirkman Road. (*Id*. at 64-65).   Officer Carey advised other units that Petitioner was proceeding north on Kirkman Road at a high rate of speed.   (*Id*. at 65).   Although Officer Carey and the other police units did not engage in a pursuit of Petitioner, Officer Carey and other units followed him from a distance without their lights and sirens activated.   (*Id*. at 87). Officer Carey lost sight of Petitioner's vehicle when Petitioner went over a hill.   (*Id*. at 87-88).

Petitioner traveled approximately three miles before he hit another vehicle and a concrete pole.   (*Id*. at 67-68, 104, 106).   At that point, Petitioner exited his vehicle and ran into an apartment complex.   (*Id.* at 104-06, 110).   Officer Ameye, who was in an unmarked police car, saw Petitioner hit a vehicle and a pole and exit his vehicle via the front passenger side door.   (*Id.* at 104-06, 110, 115).   Officer Ameye identified himself as a police officer and ordered Petitioner to stop as Petitioner exited his vehicle, but Petitioner continued to flee.   (*Id*.).   Officer Carey also saw Petitioner flee from his vehicle although he said Petitioner exited the vehicle from the driver's side.   (*Id*. at 68).

Officers Ameye and Pickett chased Petitioner through the apartment complex on

3

foot, and officers subsequently apprehended him.   (*Id.* at 69, 110-11, 129-30).   After Petitioner was apprehended, Officer Ameye found a firearm lying on the front passenger floorboard of the vehicle Petitioner had driven.   (*Id.* at 111).   According to Officer Ameye, the firearm was in plain view of the driver's seat.   (*Id.*).   The firearm was not tested for fingerprints.   (*Id.* at 117).   Petitioner's vehicle was towed after the incident. (*Id.* at 118).

### III.   LEGAL STANDARD

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3]   *Id.* at 687-88.   A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   *Id.* at 689-90.   "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.   *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).   Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."   *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   ANALYSIS

Petitioner raises six grounds of ineffective assistance of counsel.   Petitioner concedes in the Petition that he did not raise these grounds in the state court.   *See* Doc. 1 at 1-12.

Respondents maintain that Petitioner's grounds are procedurally barred from review.   One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.   28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)   (i)   there is an absence of available State corrective process; or

        (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

A federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court.   *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012).   In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."   *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted).   The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.   *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).   Furthermore, "[i]n Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial."   *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (citing *Lee v. Wainwright*, 468 F.2d 809, 810 (5th Cir. 1972)).

Procedural default will be excused in two narrow circumstances.   First, a

petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). The Supreme Court of the United States has also held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland*. *Martinez*, 132 S. Ct. at 1318. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. Finally, to establish "prejudice" so as to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted

in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

The record establishes that Petitioner did not raise Grounds One, Two, Three, Four, and Six in the state court. Petitioner raised Ground Five in his Rule 3.850 motion, and the state court denied relief. *See* Doc. 11-3 at 33-34; Doc. 11-4 at 6-8. However, the Fifth DCA dismissed Petitioner's appeal of the denial of his Rule 3.850 motion. (Doc. 11-4 at 88). Thus, Petitioner's grounds for relief were not exhausted and are procedurally barred absent application of one of the exceptions.

Petitioner contends that he has demonstrated cause for his procedural default pursuant to *Martinez*. (Doc. 1). In his Reply to the Response, Petitioner also seemingly argues that he exhausted Ground Five because he appealed the denial of his Rule 3.850 motion, but the Fifth DCA erroneously dismissed his appeal. (Doc. 12). As discussed hereinafter, the Court concludes that Petitioner has not established that Grounds One through Four and Six are substantial pursuant to *Martinez* nor has he shown cause or

8

prejudice to overcome his procedural default of Ground Five. Therefore, Grounds One through Six are procedurally barred.[4]

### A.    Ground One

Petitioner contends that counsel rendered ineffective assistance by failing to object when the prosecutor made a statement during closing argument that served to comment on his decision not to testify and which shifted the burden of proof.   (Doc. 1 at 16).   In support of this ground, Petitioner cites the prosecutor's single statement, "There has been no testimony that the gun slid out from underneath the seat."   (*Id*.).

"'[A] prosecutor may not comment about the absence of witnesses or otherwise attempt to shift the burden of proof. . . .'"   *United States v. Davis*, 491 F. App'x 48, 52 (11th Cir. 2012) (quoting *United States v. Hernandez,* 145 F.3d 1433, 1439 (11th Cir. 1998)). However, the prosecutor is permitted to "comment on defense counsel's failure to counter or explain the government's evidence or direct the jury's attention to a lack of evidence supporting the defense's theory of the case."   *Id*.   Furthermore, "'prejudice from the comments of a prosecutor which may result in a shifting of the burden of proof can be cured by a court's instruction regarding the burden of proof.'"   *Id.* (quoting *United States v. Simon,* 964 F.2d 1082, 1087 (11th Cir. 1992)).

---

[4] Alternatively, Grounds One through Six are denied on the merits under *Strickland* for the reasons stated hereinafter.

From review of the record, the prosecutor's comment was made in response to defense counsel's suggestion that the gun may have slid out from under the seat when Petitioner hit the second car and pole.   (Doc. 11-2 at 215).   To the extent the statement was improper, no prejudice resulted from it.   The trial court instructed the jury that the State had to prove the elements of the offense beyond a reasonable doubt.   (*Id*. at 218). In addition, the evidence of Petitioner's guilt was substantial.   Consequently, Petitioner has not established that a reasonable probability exists that the outcome of the trial would have been different had counsel objected to the prosecutor's statement.   Therefore, Petitioner has not demonstrated that Ground One is substantial to overcome the procedural default.

### B.    Ground Two

Petitioner asserts counsel rendered ineffective assistance by conceding his guilt of the charged offenses.   (Doc. 1 at 17).   In support of this ground, Petitioner relies on counsel's statement in closing argument that "[a]s soon as [Petitioner] got over the crest, he thought about it.   He got away.   He was not fleeing and attempting to elude anymore."   (*Id*.).   Counsel made the statement in relation to the charge of aggravated fleeing or attempting to elude a law enforcement officer.

As explained by the Eleventh Circuit Court of Appeals,

Although counsel's complete concession of a client's guilt in front of the jury may constitute ineffective assistance of counsel, there is a distinction between a statement which constitutes a tactical retreat, and one which amounts to a "surrender of the sword."   *Messer v. Kemp*, 760 F.2d 1080,

1091 n. 6 (11th Cir. 1985) (quotations omitted).   It is only a "complete concession of the defendant's guilt" which constitutes ineffective assistance of counsel.   *Id.* (quotations omitted).

*Schier v. United States*, No. 07-13592, 2009 WL 405376, at *2 (11th Cir. Feb. 19, 2009).

Counsel's statement was questionably improper.   Nevertheless, her statement did not amount to a complete concession of Petitioner's guilt or to a surrender of the sword.   Review of counsel's entire argument reveals she was attempting to minimize Petitioner's culpability as to this count by arguing that he was not really fleeing because there was not an actual police pursuit.   *See* Doc. 11-2 at 159-62.   Counsel did not abandon Petitioner.   In fact, the jury acquitted Petitioner of Count Three based on counsel's representation.

More importantly, even assuming counsel's statement equated to a concession of guilt of Count Two, Petitioner cannot demonstrate prejudice.   The evidence of Petitioner's guilt of Count Two was overwhelming.   Officer Carey attempted to stop Petitioner by placing his vehicle approximately ten feet from Petitioner's car.   Officer Carey activated his emergency lights and siren.   In response, Petitioner hit Officer Carey's car, exited the Taco Bell, and continued fleeing in his vehicle until he hit another car and a concrete pole.   In light of the substantial evidence of Petitioner's guilt, a reasonable probability does not exist that Petitioner would have been acquitted of this charge absent counsel's statement.   Accordingly, Petitioner has not established that Ground Two is substantial so as to overcome the procedural default.

### C.      Ground Three

Petitioner asserts counsel rendered ineffective assistance by misleading him about his decision to testify.   (Doc. 1 at 18).   According to Petitioner, he chose not to testify because counsel led him to believe that the State would be allowed to elicit the specific nature of his prior felony convictions if he testified.   (*Id*.).   Petitioner maintains he would have testified that the vehicle he was driving belonged to Dominique Wright ("Wright"), his girlfriend, who had lent the vehicle to another person prior to Petitioner's use of the car.   (*Id*.).   Petitioner further would have testified he did not see a firearm in the vehicle prior to the accident.   (*Id*.).

Petitioner has not established prejudice resulted from counsel's purported advice. First, the jury heard testimony that the vehicle did not belong to Petitioner and that the firearm was not tested for fingerprints.   Counsel further suggested in closing argument that the firearm was hidden under the seat and was not in the passenger floorboard until after Petitioner crashed the vehicle, thereby challenging Petitioner's knowledge of, and constructive possession of, the firearm.   In addition, had Petitioner testified, the jury would have learned that he had more than one prior felony conviction.   (Doc. 11-1 at 128-29).   More importantly, had Petitioner testified and opened the door, the State would have been able to question Petitioner about the nature of his prior offenses, one of which seemingly was for fleeing and eluding.   (*Id*. at 128).   Consequently, a reasonable probability does not exist that the outcome of the trial would have been different absent

12

counsel's purported advice.    Accordingly, Petitioner has not demonstrated that Ground

Three is substantial to overcome his procedural default.

D.    **Ground Four**

Petitioner contends counsel rendered ineffective assistance by failing to

investigate and call Wright to testify.   (Doc. 1 at 19).   According to Petitioner, Wright

would have testified that the vehicle belonged to her, she had loaned the vehicle to her

cousin prior to the offenses, and that her cousin had loaned the vehicle to her boyfriend.

(*Id*.).   Petitioner maintains that Wright would have testified that she did not own a

firearm and had no knowledge it was in the vehicle.    (*Id*.).

Petitioner has not established either deficient performance or prejudice.

Petitioner has not offered any evidence in either this Court or the state court to

demonstrate that Wright would have testified as suggested by Petitioner.    "[E]vidence

about the testimony of a putative witness must generally be presented in the form of

actual testimony by the witness or [an] affidavit.    A defendant cannot simply state that

the testimony would have been favorable; self-serving speculation will not sustain an

ineffective assistance claim."    *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)

(footnotes omitted)).    Thus, this ground is speculative.

Furthermore, as noted previously, the jury heard that the vehicle did not belong

to Petitioner, and counsel suggested that the firearm was not in Petitioner's sight before

the crash.    Finally, counsel notified the trial court that the defense would not be calling

13

any witnesses, and Petitioner affirmed counsel's representation.   (Doc. 11-1 at 122).   At no time did Petitioner indicate he wished to call any witnesses.   Therefore, Petitioner has not established that Ground Four is substantial to overcome the procedural default.

### E.    Ground Five

Petitioner maintains counsel rendered ineffective assistance by failing to move to suppress the firearm.   (Doc. 1 at 20).   In support of this ground, Petitioner argues counsel should have moved to suppress the evidence on the basis that the search and seizure were illegal because no probable cause existed for the stop.   Petitioner contends the stop was premised on a tip from an unknown source.   (*Id.*).   Petitioner further argues that the firearm should have been suppressed based on the warrantless search of the vehicle.   (*Id.*).

Petitioner has not established that prejudice resulted from counsel's failure to move to suppress the evidence.   Although the police received a tip that Petitioner was in the parking lot of Taco Bell, his arrest was premised on an arrest warrant and other probable cause.   Specifically, Petitioner was arrested pursuant to a warrant after he hit a police vehicle and fled in his vehicle and then on foot.   Even assuming the tip provided a possible basis for suppression, law enforcement clearly had probable cause to arrest Petitioner after he hit Officer Carey's police vehicle and fled.   Thus, a motion to suppress on this basis would not have been successful.

Likewise, Officer Ameye testified that the firearm was in plain view of the driver's

seat after Petitioner fled the vehicle.   (Doc. 11-2 at 111).   "The 'plain view' doctrine allows a warrantless seizure where '(1) an officer [was] lawfully located in the place from which the seized object could be plainly viewed and [had] a lawful right of access to the object itself; and (2) the incriminating character of the item is immediately apparent.'" *United States v. Miller*, 326 F. App'x 513, 516 (11th Cir. 2009) (quoting *United States v. Smith,* 459 F.3d 1276, 1290 (11th Cir. 2006)); *see also United States v. Miller,* 156 F. App'x 281, 289 (11th Cir. 2005) (holding the seizure of firearms was justified under the plain view doctrine where agents seized the weapons after seeing them in plain view on the floor of the vehicle).

Furthermore, the vehicle was inventoried and towed after Petitioner's arrest. (Doc. 11-1 at 14). The Supreme Court of the United States has held "that inventory searches of lawfully impounded vehicles are an exception to the general warrant requirement of the Fourth Amendment."   *United States v. Joseph*, 611 F. App'x 946, 948 (11th Cir. 2015) (citing *Colorado v. Bertine,* 479 U.S. 367, 371 (1987)).   "For an impoundment of a vehicle to be lawful, it must be done according to an established routine practice and 'on the basis of something other than suspicion of evidence of criminal activity.'"   *Id.* (quoting *Florida v. Wells,* 495 U.S. 1, 4 (1990)).   Inventory searches have been upheld in situations in which a police department's policy "'permitted impoundment under the circumstances' and 'the defendant had not

countered th[e] assertion.'"  *Id.* (quoting *United States v. Johnson, 777* F.3d 1270, 1277 (11th Cir. 2015)).

In Florida, impoundment of a vehicle is appropriate in the following circumstances: "an unattended or illegally parked vehicle; an unattended car at the scene of an accident where the driver is physically or mentally incapable of dealing with his vehicle; an abandoned vehicle; a defective vehicle which, if driven, would be a menace to others; a vehicle identified as stolen."  *Miller v. State,* 403 So.2d 1307 (Fla. 1981). Moreover, an arrested driver does not have to be offered an alternative to impoundment of his vehicle.  *Stone v. State*, 540 So. 2d 261, 261 (Fla. 5th DCA 1989).

Petitioner left the vehicle at the scene of the crash and was subsequently taken into custody.   Consequently, under Florida law, law enforcement was allowed to impound the vehicle and inventory it.   As a result, Petitioner has not established that a reasonable probability exists that the firearm would have been suppressed had counsel moved to suppress it.   Accordingly, Petitioner has not demonstrated that Ground Five is substantial to overcome the procedural default, nor has he demonstrate cause or prejudice to overcome the procedural default.

F.      **Ground Six**

Petitioner maintains that the cumulative effect of counsel's deficient performance deprived him of a fair trial.   (Doc. 1 at 21).   Petitioner relies on the matters raised in Grounds One through Five to support this ground.

"The Supreme Court has not directly addressed the applicability of the cumulative error doctrine in the context of an ineffective assistance of counsel claim." *Forrest v. Florida Dep't of Corr.*, 342 F. App'x 560, 564 (11th Cir. 2009).   The Supreme Court has held, however, in relation to a claim of ineffective assistance of counsel, that "'there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.'"   *Id.* (quoting *United States v. Cronic,* 466 U.S. 648, 659 n. 26 (1984)).

Given that Petitioner has not demonstrated any prejudice, his claim of cumulative error is not substantial.   *See Borden v. Allen,* 646 F.3d 785, 823 (11th Cir. 2011) ("Because Borden has not sufficiently pled facts that would establish prejudice—cumulative or otherwise—we decline to elaborate further on [a cumulative-effect ineffective assistance of counsel claim] for fear of issuing an advisory opinion on a hypothetical issue."). Accordingly, Petitioner has not established that Ground Six is substantial to overcome the procedural default.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## V.   CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed.   *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.   Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.   Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus (Doc. 1) filed by Terrelle Tullis is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.     Petitioner is **DENIED** a Certificate of Appealability.

18

3.      The Clerk of the Court is directed to enter judgment accordingly and to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 28th day of September, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 9/28
Terrelle Tullis
Counsel of Record